[No. 6231.]

THE DENVER AND COLORADO INVESTMENT COMPANY v. RUDOLPH.

1. **Evidence — Hearsay** — Declarations of defendant's manager, made out of the hearing of plaintiff, are not admissible to show collusion between plaintiff and the manager in the execution, in the name of defendant, of a promissory note and mortgage which are the subject-matter of the action.—(381)

2. **Corporations—Directors May Act Without Meetings**—It seems that the directors of a private corporation may exercise the corporate powers without a formal assembly. In an action to foreclose a corporate mortgage given to secure an indebtedness shown to be bona fide, it appeared that two out of the three directors subscribed the mortgage, one as president and the other as secretary. The third director was consulted and did not object. The authorization was held sufficient.—(381)

*Appeal from Denver District Court*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. FRANK M. KEEZER, for appellant.

Mr. S. A. OSBORN, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought to foreclose a mortgage given to secure a note for $700.00. The evidence for plaintiff was that his mother had loaned the defendant $2,500.00 which was secured by a mortgage on other property. This loan was paid in money down to the $700.00, the note and mortgage in controversy were given for the balance, and the mortgage securing the $2,500.00 loan was released. The defendant answered and attempted to show that the note and mortgage in controversy were without any consideration whatever, and were given by the manager in collusion with plaintiff's mother to forward some fraudulent purpose of the manager. The court below evidently accepted the evidence for plaintiff in preference to that for defendant and rendered judgment for plaintiff. The declaration of the manager as to the reasons for giving the note and mortgage, made out of the presence, and without the knowledge, of plaintiff, were properly stricken out. Without going into the details of defendant's business to show what would have been sufficient authorization, it is enough to say that the court found the debt was a *bona fide* one, and the evidence shows that one of the three directors was consulted about the note and mortgage and did not object thereto, and the instruments were signed by the other two directors, the one as president, the other as secretary. This is a sufficient authorization.

The judgment will be affirmed.  *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.